UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

SHANA N. HARRINGTON,

    Plaintiff,

v.                                        CASE NO. 4:21-cv-00397

ENHANCED RECOVERY COMPANY, LLC,

    Defendant,

## COMPLAINT

**NOW COMES** SHANA N. HARRINGTON, by and through her undersigned counsel, complaining of Defendant ENHANCED RECOVERY COMPANY, LLC, as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.,

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

4. SHANA N. HARRINGTON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Saint Louis, Missouri.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

7. ENHANCED RECOVERY COMPANY, LLC ("Defendant") maintains its principal place of business at 8014 Bayberry Road, Jacksonville, Florida 32256.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. In or around February 2021, Plaintiff started receiving calls from Defendant in an attempt to collect a debt owed to AT&T ("subject debt").

11. During either the first or second phone call in February 2021, Plaintiff advised Defendant that she did not owe the subject debt.

12. Plaintiff also requested that Defendant stop calling her.

13. Unfortunately, Defendant's calls to Plaintiff have continued.

14. During one of these phone calls, Plaintiff again reiterated her request to stop the phone calls.

15. Plaintiff stated, "Sir, if I tell you to stop [calling], you need to stop," to which Defendant's representative responded that Plaintiff was not in control of this matter, but Defendant was.

16. Unfortunately, Defendant continued to place phone calls in an attempt to collect a subject debt that did not belong to Plaintiff.

17. Despite Plaintiff's requests that the phone calls cease, Defendant continued to place collection calls.

18. On at least three separate occasions, Plaintiff has answered Defendant's unwanted and unconsented to collection calls and requested that the phone calls cease.

19. In total, Defendant has placed no less than 25 phone calls to Plaintiff since she requested that the phone calls cease.

20. Defendant placed these calls from various phone numbers, including but not limited to the phone number (314) 650-5448, (314) 582-6965, (314) 703-3790, (314) 497-6613, and (314) 616-3366.

21. Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

22. Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## DAMAGES

23. Concerned with having had her statutory rights under the FDCPA violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices ceased.

24. Specifically, Plaintiff was suffered from anxiety and stress as Defendant continued to place unwanted and unconsented to collection calls regarding a subject debt that Plaintiff did not owe.

25. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as a direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

26. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

   a. **Violation(s) of 15 U.S.C. §1692c**

27. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
>
> 15 U.S.C. § 1692c(a)(1).

28. Defendant violated 15 U.S.C. § 1692c(a)(1) by placing phone calls to Plaintiff's cell phone after Plaintiff requested that the phone calls cease.

29. Specifically, after Plaintiff requested that the phone calls cease, any time that Defendant called Plaintiff was an inconvenient time.

### b. Violations of FDCPA §1692d

30. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

31. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §§ 1692d and d(5) when it placed at least 7 collection calls after Plaintiff requested that the phone calls cease in an attempt to collect the subject debt.

33. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

34. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

4

**WHEREFORE,** Plaintiff SHANA N. HARRINGTON, requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: April 5, 2021                                              Respectfully submitted,

**SHANA N. HARRINGTON**

By: /s/ *Victor T. Metroff*

Mohammed O. Badwan
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com